---

[Decided June 23, 1894.]

# HYDE *v.* CROSS.

[S. C. 37 Pac. 59.]

BAIL BOND— DISMISSING INDICTMENT.— When a defendant has been admitted to bail after being indicted, a resubmission of the matter to the grand jury, unless, perhaps, to remedy a mere formal defect, without defendant's consent, or upon a motion or demurrer of defendant under sections 1317 and 1328, Hill's Code, releases the sureties on the bond.

APPEAL from Grant: MORTON D. CLIFFORD, Judge.

This is an action by Charles F. Hyde, district attorney, against S. L. Cross and J. W. Greenwell, on an undertaking of bail for the appearance of one Lester Greenwell to answer a criminal charge. The cause was tried before the court, without the intervention of a jury, and from the pleadings and its findings of fact it appears that on the twenty-fourth of April, eighteen hundred and eighty-eight, Greenwell was duly indicted by the grand jury of Grant County for the crime of larceny "by stealing a gelding," and admitted to bail in the sum of one thousand dollars. On the twenty-fourth of October,

eighteen hundred and eighty-nine, he gave bail for his appearance to answer the indictment, with the defendants as sureties, conditioned that he would appear and answer the indictment in whatever court it might be prosecuted, and that at all times he would render himself amenable to the orders and process of the court, and if convicted would appear for judgment and render himself in execution thereof, and if he failed so to do or perform any of the conditions of the undertaking the defendants would pay to the state of Oregon the sum of one thousand dollars, and that by reason of the execution and delivery of this bond Greenwell was released and discharged from custody. The cause was continued until the fourth day of March, eighteen hundred and ninety, at which time the court, on motion of the district attorney, and against Greenwell's protest, directed the matter to be resubmitted to the grand jury, and at the same time ordered that he be still held on the bond above mentioned. A few days afterward the grand jury returned another indictment, charging him with the crime of larceny "by stealing a horse" from the same party, at the same time and place, and of the same value as the gelding mentioned and described in the former indictment. Upon the failure of Greenwell at the subsequent term of the court to appear and answer to the second indictment the undertaking was declared forfeited and this action subsequently prosecuted to collect the penalty, which resulted in a judgment in favor of the plaintiff, from which the defendants appeal.

REVERSED.

*Mr. E. H. Peery* ( *Mr. M. Dustin* on the brief), for Appellants.

*Messrs. Geo. E. Chamberlain,* Attorney-General, and *Charles F. Hyde in pro per*, for Respondent.

Opinion by MR. JUSTICE BEAN.

The judgment appealed from rests upon the power of a court, on motion of the state, to set aside a valid indictment, upon which the defendant has been admitted to bail, resubmit the case to the grand jury and hold the bail liable for the appearance of defendant to answer a new indictment if one be found. The only provision of law making bail liable for the appearance of a defendant to answer a new indictment is to be found in sections 1317 and 1328 of Hill's Code, which provide that when the original indictment is set aside on motion of the defendant, for any of the reasons specified in section 1314, or a demurrer thereto is sustained, the court may order that the case be resubmitted to the same or another grand jury, and in such case the bail remains answerable for the appearance of the defendant to answer a new indictment if one be found. But in this case no motion or demurrer was interposed by the defendant. The indictment was set aside by the court on motion of the district attorney. Indeed, the record does not show that there was any defect in the indictment which could have been taken advantage of by a motion or demurrer on the part of the defendant, or that it was resubmitted to the grand jury for the purpose of correcting some formal defect, but presumably it was resubmitted so that the state might change a material allegation, and thereby relieve itself from some possible embarrassment in being compelled to prove that the animal stolen was a gelding as charged in the first indictment. The act of the court in thus resubmitting the matter to the grand jury at the instance of the state, in our opinion, amounted to a dismissal of the indictment specified in the bail bond, and clearly operated as a discharge of the sureties. By their undertaking the sureties covenanted with the state that the defendant

should appear and answer an indictment therein stated; and when he did appear in fulfilment of that undertaking and the indictment was set aside or dismissed on motion of the district attorney, it was in effect a discharge of the recognizance and the exoneration of his bail. The agreement or contract of the sureties was that the defendant should answer a particular charge as specified in the indictment then pending against him, and the condition that the defendant would appear to answer said indictment, "and at all times render himself amenable to the orders and processes of the court," was fulfiled and satisfied by an appearance and a dismissal of the particular indictment mentioned and described in the undertaking, and cannot be construed into an obligation that the accused should appear and answer some other indictment which might be found against him. What the rule may be in the case of an undertaking for the appearance of a defendant before indictment, or when the indictment is resubmitted to a grand jury for the purpose of correcting some formal defect therein it will be time enough for us to consider when the question is presented, but no such question is made on this record. It follows from what has been said that upon the findings of fact the court below was in error in its conclusions of law, and the judgment must be reversed and the cause remanded with directions to enter judgment in favor of the defendants. It was suggested that the judgment had been executed and therefore we should direct that restitution be made defendants, but this suggestion is wholly outside of the record, and hence presents no question for our consideration. The record before us does not disclose that the judgment of the court below has been executed or that any steps have been taken looking to its enforcement. The cause will therefore be remanded to the court below for such further proceedings as may be necessary and proper not inconsistent with this opinion.